IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD THOMAS, 37063-177, | § | |
| Petitioner, | § | |
| | § | 3:12-CV-2690-O |
| v. | § | 3:07-CR-0238-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Pursuant to a written plea agreement, Petitioner pled guilty to making a false claim against the government, in violation of 18 U.S.C. § 287. In June 2008, the Court sentenced Petitioner to two years probation. Petitioner did not appeal. In June 2010, Petitioner was arrested for violating his probation and, after a contested hearing, the Court revoked his probation and sentenced him to the maximum term of sixty months in prison. On June 7, 2011, the Fifth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Thomas*, 427 Fed. Appx. 370 (5th Cir. 2011).

On August 7, 2012, Petitioner filed the instant motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255. He argues the district court was without authority to sentence him above the sentencing guideline range of 12 to 18 months.

## II.  Factual Background

Petitioner stipulated that in September, 2005 he knowingly submitted a materially false claim to the Federal Emergency Management Agency concerning property damage from Hurricane Katrina.  He claimed damages to a property that he falsely described as his primary residence.  His false statement yielded him $23,402.34 in disaster-assistance funds.

After being placed on probation, Petitioner complied with the terms of his probation until May 2010.  On May 27, 2010, Petitioner's probation officer, Brandye Casler, received a call from police in Austin, Texas who told her that Petitioner had assaulted Johnetta Slack, who was the mother of three of his children.  Petitioner was charged with hitting Slack with a brick and throwing acid on her.  A motion to revoke Petitioner's probation was filed alleging that Petitioner violated his probation by leaving the district without permission and by committing another crime.  Petitioner admitted to leaving the district, and the Court found that the assault violation had been proven after hearing the probation officer's testimony and other evidence.

## III.  Discussion

1.      **Procedural Bar**

Petitioner argues the Court violated USSG § 7B1.4, and 18 U.S.C. § 3553 and § 3565 when it imposed a sentence above the guideline range.  Respondent states these claims are procedurally barred because Petitioner failed to raise the claims on direct appeal.  When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

In this case, Petitioner argues his counsel failed to raise these claims on direct appeal. A petitioner can show cause and prejudice by showing that counsel rendered constitutionally ineffective assistance of counsel. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994). The Court will therefore first analyze Petitioner's claims as ineffective assistance of counsel claims.

**2.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues the Court violated USSG § 7B1.4, 18 U.S.C. § 3553 and 3565 when it imposed a sentence above the guideline range.

Under USSG § 7B1.4, the guidelines provide a revocation table showing an advisory sentencing range based on the offender's criminal history and the type of violation. Under this section, Petitioner's guideline range was 12 to 18 months. This policy statement under § 7B1.4, however, was advisory only. *United States v. Headrick*, 963 F.2d 777, 780-81 (5th Cir. 1992). Under 18 U.S.C. § 3565, after revoking Petitioner's probation, the Court was then authorized to exercise its discretion under 18 U.S.C. § 3553(a) to sentence Petitioner up to the statutory maximum sentence, which was sixty months. *See* 18 U.S.C. § 287. The Court therefore did not violate USSG§ 7B1.4 or 18 U.S.C. § 3565.

Petitioner also claims the Court violated 18 U.S.C. § 3553 because it failed to consider the factors under § 3553 and failed to state its reasons for departing from the 12 to 18 month advisory guideline. The record shows, however, that the Court fully considered the § 3553 factors and stated its reasons on the record. The Court found that Petitioner committed the assault, that the assault was "particularly egregious" and that it involved burning the victim with muriatic acid. (Sent. Tr. at 44.) The Court determined that the sixty month sentence was needed to reflect the seriousness of the offense, promote respect for the rule of law, afford adequate deterrence and protect the public from further crimes by Petitioner. (*Id*. at 45). Further, although Petitioner argues he was not convicted of the assault charges at the time of his revocation, the Fifth Circuit on direct appeal determined that the district court did not abuse its discretion in finding by a preponderance of the evidence that Petitioner committed the assault.

Petitioner has failed to show ineffective assistance of counsel or that his sentence violates his constitutional or federal rights. Petitioner's claims should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 26th day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).